UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:06-CR-00186-PMP-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| POWER COMPANY, INC., doing business as THE CRAZY HORSE TOO, and FREDERICK JOHN RIZZOLO, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court for consideration is Canico Capital Group, LLC's Motion to Lift Stay (Doc. #283). The United States of America filed an Opposition (Doc #305), as did interested parties Kirk and Amy Henry (Doc. #306). The Court held a hearing on this motion on April 16, 2010 (Doc. #316), at which time the Court ordered the parties to file supplemental briefing.

Also before the Court is the United States of America's Motion to Dismiss Canico Capital Group, LLC as a Petitioner (Doc. #315) and interested parties Kirk and Amy Henry's Joinder (Doc. #318) thereto. Canico Capital Group, LLC filed an Opposition (Doc. #335), and petitioned for oral argument on the pending motions (Doc. #341).

On June 1, 2006, Defendants Power Company, Inc. ("Power Company") and Frederick John Rizzolo ("Rizzolo") entered Plea Agreements with the United States to

resolve certain criminal charges against Defendants. (Plea Mem. [Doc. #7], Plea Mem. [Doc. #8].) Defendant Rizzolo pled guilty to count two of the Information, which charged conspiracy to defraud the United States in violation of 18 U.S.C. § 371. (Plea Mem. [Doc. #8] at 2.) Defendant Power Company pled guilty to count one which charged conspiracy to participate in an enterprise engaged in racketeering activity in violation of 18 U.S.C. § 1962(d). (Plea Mem. [Doc. #7] at 3.) Pursuant to the Plea Agreements, Defendants agreed to forfeit $4,250,000 to the United States under 18 U.S.C. § 1963(a). (Id. at 5.) The Plea Agreements also required Power Company to make restitution to Kirk and Amy Henry in the amount of $10,000,000 upon the sale of the Crazy Horse Too, a strip club owned by Defendants. (Id. at 7.) Defendants further agreed, as part of their Plea Agreements, to sell the Crazy Horse Too within twelve months from the date Defendants entered their plea. (Id. at 8.) This Court subsequently entered an Order of Forfeiture (Doc. #12) forfeiting $4,250,000 to the United States.

Defendants did not sell The Crazy Horse Too within the one-year time frame. On August 15, 2007, the Court granted the United States' motion to substitute the Crazy Horse Too and the real property on which it sits as the forfeited assets, and decreed those assets forfeited to the United States. (Order [Doc. #62]; Min. of Proceedings [Doc. #60]; United States of America's Mot. for this Court to Authorize the Substitution, the Forfeiture, & the Sale of the Substituted Assets & the Distribution of the Sale Proceeds [Doc. #58].) As a result of the substitution of assets and proposed sale, various entities and individuals asserted an interest in the forfeited substitute assets and petitioned for an ancillary hearing to adjudicate their claims thereto.

The Court adjudicated the ancillary claims, and on June 23, 2008, entered the First Amended Order of Forfeiture (Doc. #222) vesting in the United States all right, title, and interest in the forfeited Property. In the First Amended Order of Forfeiture, the Court affirmed Petitioner Security Pacific Bank's interest in the form of a loan

related to the forfeited property, and stated that "the United States can sell clear and good title to the forfeited Property to any subsequent purchaser or transferee and will pay the loan under the order of distribution." (First Amended Order of Forfeiture (Doc. #222) at 8.) The Court set forth the order of priority for the distribution of proceeds upon the sale of the forfeited property. (Id. at 8-9.) Security Pacific Bank was fourth on the priority list. (Id.)

Canico Capital Group, LLC ("Canico") now moves to lift the stay to allow Canico to foreclose on the forfeited property. Canico claims it is now the holder of the note previously held by Security Pacific Bank. Canico seeks to foreclose on the property because the United States still has not sold the forfeited property and the property continues to decline in value. The United States and interested parties Kirk and Amy Henry oppose Canico's motion. The United States contends it currently has a contract for sale of the property which requires the potential buyers to obtain all relevant permits by November 2010. (Doc. #317). Additionally, the United States argues that Canico lacks standing to participate in the forfeiture proceeding because it failed to follow the procedural requirements set forth in 18 U.S.C. § 1963(l). The United States further argues that even if Canico has standing, it is not entitled to equitable subrogation because it did not fully pay off the Security Pacific Bank note, and it was a volunteer who took the note with knowledge of the forfeiture. The United States also moves to dismiss on these grounds. The Henrys join in the United States' arguments.

**A. United States' Motion to Dismiss**

Pursuant to 18 U.S.C. § 1963(l), following entry of an order of forfeiture, the United States must publish notice of the order and of its intent to dispose of the property. 18 U.S.C. § 1963(l)(1). Additionally, if the United States knows of a person having an alleged interest in the forfeited property, the United States may provide written notice directly to that person. Id. Within thirty days of the publication or thirty days of the direct notice, whichever is earlier, the person asserting an interest in

the forfeited property must petition the Court for a hearing to adjudicate his or her interest. Id. § 1963(l)(2).

Here, Canico did not acquire an interest in the forfeited property until more than thirty days after the publication of notice regarding the forfeiture. Indeed, Canico did not acquire its asserted interest until after the Court entered a final order of forfeiture. The United States argues that Canico had thirty days from acquiring its interest to file its petition under 18 U.S.C. § 1963(l), and it failed to follow the statutory requirements. Canico does not respond specifically to these arguments in its opposition to the motion to dismiss, but previously contended it did not have to file a petition because Security Pacific Bank already filed a petition in relation to this property interest.

The statute is silent on whether a person who acquires an interest in property that has been adjudicated in a forfeiture proceeding to be the non-forfeitable asset of a third party must file a petition under 18 U.S.C. § 1963(l) if the person acquires the interest before the United States has sold the forfeited property from which the non-forfeitable interest will be satisfied. Additionally, assuming such a person must file a petition, the statute is silent as to when the person must do so.

The Court concludes that a person who acquires a third party's non-forfeitable interest in property subject to forfeiture must file a petition under 18 U.S.C. § 1863(l) in conformity with the statute. The statutory scheme sets forth the exclusive procedures through which interests related to forfeited property are adjudicated. Requiring an after-acquiring party to file a petition ensures the Government is on notice regarding who is the actual owner of the third party property when the time comes to satisfy those obligations. Additionally, it preserves the ability of the Government and other interested parties to adjudicate the third party's claimed interest. For example, here the United States and the Henrys challenge Canico's position of priority under the First Amended Order of Forfeiture.

Because the statute does not directly address the requirement for a party in

Canico's position, the Court will grant Canico thirty (30) days from the date of this Order to file its petition in conformity with the statute. The United States' Motion to Dismiss therefore is granted without prejudice for Canico to file its petition within thirty (30) days.

### B. Canico's Motion to Lift Stay

Canico moves to lift the stay of foreclosure, arguing the United States has not sold the forfeited property, the property continues to decline in value, and the United States should not be able to hold onto Canico's non-forfeitable interest in the property in perpetuity, to Canico's detriment. The United States and the Henrys respond that Canico has no standing, as discussed above. Moreover, the United States and the Henrys argue that Canico has no right to demand the foreclosure because Canico is not entitled to step into Security Pacific Bank's priority position under the doctrine of equitable subrogation.

Because the Court is granting the United States' motion to dismiss, Canico currently lacks standing to move to lift the stay. The Court therefore will deny Canico's motion without prejudice to renew its motion to lift stay after its asserted interest in the property is adjudicated through the procedures set forth in 18 U.S.C. § 1963(l).

### CONCLUSION

Undoubtedly all parties involved in this case have divergent views as to why the property at issue has not sold in nearly four years. Certainly no expert testimony is required to establish that, among other factors, the abysmal economy in Southern Nevada and unprecedented decline in property values has contributed to the inability of the United States to secure a viable buyer. However, Canico's concerns regarding the United States' inability to sell the property and thereby settle the related third party non-forfeitable property interests is not without force and applies to all petitioners who have had their claims adjudicated as set forth in the First Amended Order of Forfeiture. The United States cannot hold onto the property in perpetuity, thereby de

facto forfeiting the third parties' property interests as well as the criminal defendants' interests. In light of this concern, the Court concludes it appropriate to place reasonable limitations on the ability of the United States to delay indefinitely the disposition of the property at issue.

IT IS THEREFORE ORDERED that the United States may not, without prior approval of the Court, make further extensions under the current sales contract with CC Holdings, LLC. In the event the property is not sold in accord with the existing contract with CC Holdings, LLC, the United States shall promptly file with the Court its alternative proposal for the disposition of the property.

IT IS FURTHER ORDERED that Canico Capital Group, LLC's Motion to Lift Stay (Doc. #283) is hereby DENIED without prejudice to renew after adjudication of Canico's property interests under the procedures set forth in 18 U.S.C. § 1963(l).

IT IS FURTHER ORDERED that the United States of America's Motion to Dismiss Canico Capital Group, LLC as a Petitioner (Doc. #315) is hereby GRANTED without prejudice for Canico to file a petition under 18 U.S.C. § 1963(l).

IT IS FURTHER ORDERED that Canico Capital Group, LLC shall have thirty (30) days from the date of this Order to file a petition asserting any property rights under 18 U.S.C. § 1963(l) pursuant to the procedures set forth therein.

IT IS FURTHER ORDERED that interested parties Kirk and Amy Henry's Joinder (Doc. #318) is hereby GRANTED.

IT IS FURTHER ORDERED that Canico Capital Group, LLC's Petition for Oral Argument (Doc. #341) is hereby DENIED.

DATED: July 2, 2010

                                                   PHILIP M. PRO
                                                   United States District Judge